UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARREL C. OLDS, JR.,

      Petitioner,

v.

SCOTT FRAKES and ELDON VAIL,

      Respondents.

No. C08-5612 FDB/KLS

**REPORT AND RECOMMENDATION**
**Noted for: July 17, 2009**

  Petitioner Darrel C. Olds, Jr. seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636 (b) (1) and Local MJR 3 and 4. Mr. Olds is confined and is under the jurisdiction of the Indeterminate Sentence Review Board (ISRB) pursuant to a 1984 judgment and sentence of the Thurston County Superior Court. Mr. Olds seeks to challenge, *inter alia*, subsequent decisions of the ISRB finding him not parolable, adding additional time to his minimum term, denying admission to certain programs and failing to reduce his custody level. Dkt. 12. Respondents filed an Answer and submitted relevant portions of the State court record. Dkts. 21 and 22. Mr. Olds filed a reply. Dkt. 23.

  Upon review, it is the Court's recommendation that Mr. Olds' petition should be dismissed without prejudice as his claims are unexhausted and he is not procedurally barred from filing a personal restraint petition in the Washington State courts.

REPORT AND RECOMMENDATION - 1

## I. STATEMENT OF THE CASE

Mr. Olds is confined and is under the jurisdiction of the ISRB pursuant to the judgment and sentence of the Thurston County Superior Court. Dkt. 22, Exh. 1. Mr. Olds pled guilty to the crimes of Assault in the First Degree and Attempted Rape in the First Degree. *Id*. The trial court imposed a maximum term of not more than 30 years for Mr. Olds' conviction for assault in the first degree and not more than 10 years for his conviction for attempted rape in the first degree, to run concurrently. *Id.*, Exh. 1, at 1.

## II. STATEMENT OF ISRB PROCEDURAL HISTORY

On February 13-14, 1985, the ISRB set Mr. Olds' minimum terms at 180 months for his assault in the first degree conviction and at 118 months for his attempted rape in the first degree conviction with the time to run concurrently. Dkt. 22, Exh. 3.[1]

On July 29, 1987, the Board entered its Decision and Reasons. Dkt. 22, Exh. 4. Based on the Board's *Obert Myer* review[2], the Board redetermined Mr. Olds' minimum term on his assault first degree conviction to 120 months and redetermined his minimum term on the attempted rape first degree to 66 months. *Id*.

On September 26, 1990, the Board entered its Decision and Reasons, finding Mr. Olds not parolable, and adding 60 months to his minimum term. Dkt. 22, Exh. 5, pp. 1-2.

On April 5, 1994, the Board entered its Decision and Reasons, finding Mr. Olds not parolable, and adding 36 months to his minimum term. Dkt. 22, Exh. 6, p. 3.

---

[1] As the Court finds that Mr. Olds has failed to exhaust any of his habeas claims, the reasons for the Board's decisions will not be set out at length herein.

[2] *In re Obert Myers*, 105 Wash.2d 257, 714 P.2d 303 (1986). Under *In re Obert Myers*, the standard of review is whether the Board abused its discretion in setting the minimum term, and whether the Board gave adequate reasons for departing from the sentencing guidelines. *In re Obert Myers*, at 264, 730 P.2d 1327.

REPORT AND RECOMMENDATION - 2

On June 10, 1996, the Board entered its Decision and Reasons, finding Mr. Olds not parolable and adding 60 months to his minimum term. Dkt. 22, Exh. 7, pp. 2-3.

On January 17, 2002, the Board entered its next Decision and Reasons, finding Mr. Olds not parolable and adding 60 months to his minimum term. The Board's decisions and reasons was amended on March 8, 2002. Dkt. 22, Exh. 8, pp. 2-5.

On January 15, 2003, the Board entered another Decision and Reasons, finding Mr. Olds not parolable and extending his minimum term to the maximum expiration date. This decision and reasons was amended by the Board on February 26, 2003. Dkt. 22, Exh. 9.

On October 8, 2006, the Board entered its most recent Decision and Reasons, in which it continued to find Mr. Olds not parolable and reaffirmed its previous decision to extend his minimum term to the maximum expiration date of May 20, 2014. Dkt. 22, Exh. 10, pp. 2-3.

### III. ISSUES FOR FEDERAL HABEAS REVIEW

Mr. Olds lists the following grounds for relief in his federal habeas corpus petition:

1. Breech [sic] of contract, abuse of discretion unlawful restraint substantive due process liberty interest (2-13-1983 Sentence fixed by ISRB).

2. Substantive due process unlawful restraint abuse of discretion, violation of constitutional rights speculation and conjecture.

3. Bona fide breech [sic] of contract, substantive due process hearsay evidence, fabrication, evidence 14th Amendment (1996 .100 Hearing).

4. Undue burden, substantive due process, unlawful restraint liberty interest.

5. Excessive sentence equal protection due process protected liberty interest 5th Amendment ex post facto abuse of discretion (5/25/1989 Record of Earned Early Release).

6. Unlawful restraints, abuse of discretion cruel unusual punishment, substantive due process violations of constitutional rights, hearsay evidence (10/2/2001 .100 Hearing).

7. Cruel and unusual punishment, unlawful restraint liberty issues breech [sic] of contract, undue burden constitutional rights violation.

REPORT AND RECOMMENDATION - 3

8. Cruel unusual punishment, bona fide hearsay evidence equal protection substantive due process (2008 Completion of SOTP).

9. Due process, abuse of discretion, constitutional rights violation, speculation and conjecture cruel and unusual undue burden (Prohibited Contacted Review of 9/25/2007).

10. Retaliation, equal protection constitutional rights violation abuse (2008 No Contact with Minors).

11. Endangerment of minor, abuse, 14th Amendment, retaliation fabrication, undue burden, liberty interest, violation of constitutional rights (1/9/2008 Public Disclosure).

12. Bona fide, speculation and conjecture, due process falsifying records, abuse, undue burden, constitutional violation (Cell Search).

13. Unlawful restraints, due process, liberty interest bona fide retaliation, substantive due process, abuse, constitutional violations (Lower Custody Levels).

Dkt. 12, pp. 5-6, 8-9, 15-28 (CM/ECF page numbering).

## IV. EVIDENTIARY HEARING

The decision to hold a hearing is committed to the court's discretion. *Williams v. Woodford*, 306 F.3d 665, 688 (9th Cir. 2002). The petitioner bears the burden of showing the need for a hearing. *Pulley v. Harris*, 692 F.2d 1189, 1197 (9th Cir. 1982), rev'd on other grounds, 465 U.S. 37 (1984); *Baja v. Ducharme*, 187 F.3d 1075 (9th.Cir. 1999). A hearing is not required if the claim presents a purely legal question, or if the claim may be resolved by reference to the state court record. *Campbell v. Wood*, 18 F.2d 662, 679 (9th Cir.) (en banc), cert. denied, 114 S. Ct. 2125 (1994).

The question of whether Mr. Olds has properly exhausted his claims for relief is a legal question that may be resolved by reference to the record before this Court. Accordingly, the Court finds that an evidentiary hearing is not required.

## V. STANDARD OF REVIEW

This Court's review of the merits of Mr. Olds' claims is governed by 28 U.S.C.§

REPORT AND RECOMMENDATION - 4

2254(d)(1). Under that standard, the Court cannot grant a writ of habeas corpus unless a petitioner demonstrates that he is in custody in violation of federal law and that the highest state court decision rejecting his ground was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(c) and (d)(1). The Supreme Court holdings at the time of the state court decision will provide the "definitive source of clearly established federal law." *Van Tran v. Lindsey*, 212 F.3d 1143, 1154 (9th Cir. 2000), overruled in part on other grounds by *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

The Court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68; see also *Smith v. Phillips*, 455 U.S. 209, 221 (1982) ("Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."). In addition, for federal habeas corpus relief to be granted, the constitutional error must have had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted).

## VI. DISCUSSION

### A. Exhaustion

Respondent argues that Mr. Olds failed to exhaust any of his claims in state court. Section 2254(b)(1) provides that a habeas petition must be denied if the petitioner failed to exhaust his state court remedies. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364,

REPORT AND RECOMMENDATION - 5

365-66 (1995); *Picard v. Connor*, 404 U.S. 270, 275 (1971). In order to exhaust state remedies, the petitioner must "fairly present" his federal claims to the state courts thereby giving the state the opportunity to address and correct alleged violations of the petitioner's federal rights. *Duncan*, 513 U.S. at 365; *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir.1999); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir.1996). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Voerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

"To 'fairly present' his federal claim to the state courts, [petitioner] had to alert the state courts to the fact that he was asserting a claim under the United States Constitution." *Hiivala*, 195 F.3d at 1106 (citing *Duncan*, 513 U.S. at 365-66). The Supreme Court stated in *Gray v. J.D. Netherland* that to "fairly present" a claim to the state court, "it is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of a claim;" rather, the petitioner "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." 518 U.S. 152, 163 (1996).

Mr. Olds has failed to present any of his claims to the Washington courts in any fashion. Mr. Olds has filed no prior court actions in the Washington State courts. Respondents state that they ran a search involving only the last name of Olds to see if any case filing had occurred by persons with that last name, but none of the cases listed involved the Petitioner, Darrel C. Olds, Jr. Dkt. 22, Exh. 11, State of Washington Appellate Acords Appellate Court System. Respondents ran another search, checking cases filed by Darrel C. Olds Jr. The result of that search was that no data was available. *Id.* Mr. Olds did not file an appeal or personal restraint

REPORT AND RECOMMENDATION - 6

petition in the Washington State courts regarding any of his thirteen habeas claims. Dkt. 21, p. 11. Mr. Olds does not dispute these findings. Dkt. 23.

In his federal habeas petition filed in this Court, Mr. Olds states that he did not file a state court appeal or file a post-conviction petition regarding any of his claims. Dkt. 12. He does not list any specific court actions or cause numbers demonstrating that he has filed any state court appeals. *Id.*

Petitioners must fairly present their federal claims to state courts in order to give the State the opportunity to pass upon and correct alleged violation of its prisoners' federal rights. If the state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. See *Duncan,* 513 U.S. at 365-366 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971), internal quotation marks omitted); see also, *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992) (exhaustion must be "serious and meaningful"). In order to exhaust a habeas claim, a petitioner must properly raise it on every level of direct review. *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992).

Because Mr. Olds has failed to present any of his habeas claims to the Washington State courts for review, all of his claims are unexhausted and this Court is precluded from granting him relief. *See* 28 U.S.C. § 2254(b)(1). [3]

**B.      Cause and Prejudice or Fundamental Miscarriage of Justice**

Unless it would result in a "fundamental miscarriage of justice," a petitioner who procedurally defaults may receive federal review of the defaulted claims only if he demonstrates

---

[3] A petition or motion for collateral attack on a judgment and sentence in a criminal case must be filed within one year after the judgment becomes final. RCW 10.73.090(1). In light of Mr. Olds' failure to exhaust any of his claims, the Respondent has reserved the right to perform a time-bar computation as to Mr. Olds' claims in the event Mr. Olds subsequently files a federal habeas petition after exhausting his habeas claims in state court.

REPORT AND RECOMMENDATION - 7

"cause" for his procedural default and "actual prejudice" stemming from the alleged errors. *Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *Francis v. Henderson*, 425 U.S. 536, 538-39 (1976). "The fact that [a petitioner] did not present an available claim or that he chose to pursue other claims does not establish cause." *Martinez-Villareal v. Lewis*, 80, F.3d 1301, 1306 (9th Cir. 1996).

Only if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," will he be entitled to federal *habeas corpus* review. *See Boyd v. Thompson,* 147 F.3d 1124, 1126 (9th Cir. 1998) (citing *Coleman*, 501 U.S. at 750.

To satisfy the "cause" prong, petitioner must show that "some objective factor external to the defense" prevented him from complying with the state's procedural rule. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Objective factors constituting "cause" include "interference by officials" making compliance with the procedural rule impracticable, as well as "a showing that the factual or legal basis" for the claims "was not reasonably available." *Id*. at 493-94 (internal quotes omitted). Constitutionally ineffective assistance of counsel also constitutes cause, but any attorney error short of that will not excuse procedural default. *Id.* at 494.

The mere fact that a petitioner is *pro se* or lacks knowledge of the law, furthermore, is insufficient to satisfy the cause prong. That is, "[w]hen a pro se petitioner is able to apply for post-conviction relief to a state court, the petitioner must be held accountable for failure to timely pursue his remedy to the state supreme court." *Hughes v. Idaho State Board Of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (finding petitioner's claims of illiteracy and lack of help in

REPORT AND RECOMMENDATION - 8

appealing post-conviction petition, though unfortunate, to be insufficient to meet cause standard); *Boyd*, 147 F.3d at 1126-27. Once a petitioner establishes cause, he must show "'actual prejudice' resulting from the errors of which he complains." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)). Such prejudice exists if the alleged errors worked to the petitioner's "*actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170 (emphasis in original).

In the alternative, a *habeas corpus* petition may be granted without a showing of cause in those "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *McCleskey*, 499 U.S. at 494; *Murray*, 477 U.S. at 495-96.

Mr. Olds has made no showing that some objective factor external to his defense prevented him from presenting his unexhausted habeas claims as specific federal constitutional violations to the Washington State courts. Because Mr. Olds "cannot establish any reason, external to him, to excuse his procedural default," this Court need not address the issue of actual prejudice." *Boyd*, 147 F.3d at 1127; *Thomas v. Lewis*, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991). Furthermore, because Mr. Olds does not present new evidence of actual innocence, this is not the kind of extraordinary instance where the petition should be granted despite the absence of a showing of cause. *McCleskey*, 499 U.S. at 494; *Murray*, 477 U.S. at 495-96. See also, *Schlup v. Delo*, 115 S. Ct. 851, 867 (1995) ("The exception is available only where the petitioner 'supplements his constitutional claim with a colorable showing of factual innocence.'")

In this case, Mr. Olds fails to explain why he did not fully and fairly present his unexhausted habeas claims as specific federal constitutional violations to the Washington State courts. Therefore, he cannot establish cause, prejudice or a fundamental miscarriage of justice.

Absent such a showing, Mr. Olds' unexhausted habeas claims are not cognizable in federal court. However, because Mr. Olds is not procedurally barred from filing a personal restraint petition in the Washington State courts, the undersigned recommends that his habeas petition be dismissed without prejudice.

## VII. DISCOVERY

Under Rule 6(a) of the rules governing Section 2254 cases, a party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise. When exercising that discretion, the Court must determine if good cause exists based upon whether "specific allegations before the court show reason to believe that the Petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief." *Racy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 US. 286, 300 (1969)) (emphasis added). See also *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005).

Mr. Olds sent various interrogatories and requests for production directed to several employees of the Department of Corrections to Respondents' counsel. Dkt. 22 (no exhibit number). This Court has not yet authorized discovery nor does it intend to do so as it is clear that Mr. Olds has not yet exhausted his habeas claims.

## VIII. CONCLUSION

Mr. Olds has failed to present any of his federal habeas claims to the Washington Supreme Court as federal constitutional violations. Therefore, these claims are unexhausted and must be dismissed. *See, Duncan v. Henry*, 513 U.S. at 365-366. However, because Mr. Olds is still able to file a personal restraint petition in the Washington State courts, the claims should be

REPORT AND RECOMMENDATION - 10

dismissed without prejudice. For the reasons stated above, the undersigned also recommends that Mr. Olds' request for discovery.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 17, 2009**, as noted in the caption.

DATED at Tacoma, Washington this 25th day of June, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11